IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS DAVIS, #341371, PLAINTIFF, | § § § § | |
| v. | § | CIVIL CASE NO. 3:20-CV-2252-N-BK |
| EAST CARROLL RIVER BEND DETENTION CENTER, DEFENDANT. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED**.

I. BACKGROUND

On August 18, 2020, Petitioner Travis Davis, a Louisiana state prisoner, initiated this civil action by filing a letter-petition. Doc. 3 at 1-3. Although Davis' *pro se* petition is inartfully pled and difficult to decipher, he appears to request that this Court direct state officials in Louisiana or Texas to permit him to return to Dallas, Texas. Davis specifically avers, "I put in to get a[n] interstate compact to come back to Dallas, TX, and Louisiana is giving me the runarounds about it," and requests that the Court "tell these people to let [him] come back to Texas." Doc. 3 at 1.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Here, Davis' petition can be construed only to seek mandamus relief against Louisiana or Texas state officials by compelling them to transfer him to Texas.[1] As such, it fails to state a legally cognizable claim and, therefore, is subject to summary dismissal.

## II. ANALYSIS

Davis' petition for writ of mandamus is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Federal courts lack authority to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). Accordingly, Davis' request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous and

---

[1] In June 2020, Davis filed a similar mandamus petition against Louisiana state officials. The magistrate judge recommended that the petition be dismissed. *See Davis v. State of Louisiana*, No. 3:20-CV-1687-B-BN (N.D. Tex. July 13, 2020) (awaiting review of recommendation).

for failure to state a claim. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties); *Peters v. Tex. Court of Criminal Appeals*, 547 F. App'x 557, 558 (5th Cir. 2013) (per curiam) (affirming dismissal of mandamus petition against Court of Criminal Appeals for failure to state a claim).

### III.   LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Davis' claims for mandamus relief are fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, Davis' letter-petition should be summarily **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on August 24, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).